1  LYNN H. PASAHOW (CSB NO. 054283)
   lpasahow@fenwick.com
2  J. DAVID HADDEN (CSB NO. 176148)
   dhadden@fenwick.com
3
   FENWICK & WEST LLP
4  Silicon Valley Center, 801 California Street
   Mountain View, CA  94041
5  Telephone:    (650) 988-8500
   Facsimile:    (650) 938-5200
6
   DAVID D. SCHUMANN (CSB NO. 223936)
7   dschumann@fenwick.com

8  FENWICK & WEST LLP
   555 California Street. 12th Floor
9  San Francisco, CA  94104
   Telephone:   (415) 875-2300
10 Facsimile:   (415) 281-1350

11 Attorneys for Defendant-Counterclaimant
   SAVI TECHNOLOGY, INC.
12

13                UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15 AEROSCOUT, INC.,                    Case No.  C 08-02919 (PVT)

16               Plaintiff-            **ANSWER AND COUNTERCLAIMS FOR
                 Counterdefendant,     PATENT INFRINGEMENT**
17
          v.
18                                     **DEMAND FOR JURY TRIAL**
   SAVI TECHNOLOGY, INC.,
19
                 Defendant-
20               Counterclaimant.

Defendant-Counterclaimant Savi Technology, Inc. ("Savi") answers Plaintiff-Counterdefendant AeroScout, Inc.'s ("AeroScout") Complaint for Declaratory Judgment (the "Complaint") as follows:

## NATURE OF THE ACTION

1. Savi admits that the Complaint purports to set forth claims arising under the patent laws of the United States. Savi denies or is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1, and therefore denies them.

## THE PARTIES

2. Savi is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3. Savi admits it is a California corporation. Savi denies it has offices in Sunnyvale, California.

## JURISDICTION AND VENUE

4. Savi admits the allegations of paragraph 4 that this action arises under Title 35 of the United States Code and that jurisdiction is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

5. Savi admits allegations of paragraph 5 that an actual controversy currently exists regarding AeroScout's unauthorized use of Savi's patented technology.

6. Savi admits that AeroScout contends it does not infringe Savi's patents. Savi denies all other allegations of paragraph 6.

7. Savi admits the allegations of paragraph 7.

8. Savi admits that venue is proper in the Northern District of California.

## INTRADISTRICT ASSIGNMENT

9. Savi admits the allegations of paragraph 9.

## FACTUAL BACKGROUND

10. Savi admits the allegations of paragraph 10.

11. Savi admits the allegations of paragraph 11.

12. Savi admits the allegations of paragraph 12 except Savi denies that the face of the '114 patent states that it issued on April 13, 2004.

13. Savi admits the allegations of paragraph 13.

14. Savi admits the allegations of paragraph 14.

15. Regarding the allegations of paragraph 15, Savi admits that AeroScout products made used or offered for sale in the United States, or imported into the United States infringe one or more claims of the patents in suit. Savi also admits that AeroScout contends it does not infringe Savi's patents. Savi denies or is without sufficient knowledge or information to form a belief as to the truth of the other allegations in paragraph 15 and therefore denies them.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Noninfringement of the '114 Patent)**

16. Savi denies each and every allegation in paragraph 16 except as expressly admitted or otherwise explained.

17. Regarding paragraph 17, Savi admits that a controversy currently exists as to whether AeroScout infringes one or more valid and enforceable claims of the '114 Patent. Savi denies all other allegations of paragraph 17 except as may have been expressly admitted or otherwise explained.

18. Savi denies the allegations of paragraph 18

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of the '114 Patent)**

19. Savi denied each and every allegation in paragraph 19 except as expressly admitted or otherwise explained.

20. Regarding the allegations of paragraph 20, Savi admits that AeroScout currently contends that one or more claims of the '114 Patent are invalid. Savi denies all other allegations of paragraph 20 except as may have been expressly admitted or otherwise explained.

21. Savi denies the allegations of paragraph 21.

## THIRD CLAIM FOR RELIEF

**(Declaratory Judgment of Noninfringement of the '888 Patent)**

22. Savi denies each and every allegation in paragraph 22 except as may have been expressly admitted or otherwise explained.

23. Regarding paragraph 23, Savi admits that a controversy currently exists as to whether AeroScout infringes one or more valid and enforceable claims of the '888 Patent. Savi denies all other allegations of paragraph 23 except as may have been expressly admitted or otherwise explained.

24. Savi denies the allegations of paragraph 24.

## FOURTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of the '888 Patent)**

25. Savi denied each and every allegation in paragraph 25 except as may have been expressly admitted or otherwise explained.

26. Regarding the allegations of paragraph 26, Savi admits that AeroScout currently contends that one or more claims of the '888 Patent are invalid. Savi denies all other allegations of paragraph 26 except as may have been expressly admitted or otherwise explained.

27. Savi denies the allegations of paragraph 27.

## FIFTH CLAIM FOR RELIEF

**(Declaratory Judgment of Noninfringement of the '484 Patent)**

28. Savi denies each and every allegation in paragraph 28 except as may have been expressly admitted or otherwise explained.

29. Regarding paragraph 29, Savi admits that a controversy currently exists as to whether AeroScout infringes one or more valid and enforceable claims of the '484 Patent. Savi denies all other allegations of paragraph 29 except as may have been expressly admitted or otherwise explained.

30. Savi denies the allegations of paragraph 30.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## SIXTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of the '484 Patent)**

31. Savi denied each and every allegation in paragraph 32 except as may have been expressly admitted or otherwise explained.

32. Regarding the allegations of paragraph 32, Savi admits that AeroScout currently contends that one or more claims of the '484 Patent are invalid. Savi denies all other allegations of paragraph 32 except as may have been expressly admitted or otherwise explained.

33. Savi denies the allegations of paragraph 33.

## SEVENTH CLAIM FOR RELIEF

**(Declaratory Judgment of Noninfringement of the '392 Patent)**

34. Savi denies each and every allegation in paragraph 34 except as may have been expressly admitted or otherwise explained.

35. Regarding paragraph 35, Savi admits that a controversy currently exists as to whether AeroScout infringes one or more valid and enforceable claims of the '392 Patent. Savi denies all other allegations of paragraph 35 except as may have been expressly admitted or otherwise explained.

36. Savi denies the allegations of paragraph 36.

## EIGHTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of the '392 Patent)**

37. Savi denies each and every allegation in paragraph 37 except as may have been expressly admitted or otherwise explained.

38. Regarding the allegations of paragraph 20, Savi admits that AeroScout currently contends that one or more claims of the '392 Patent are invalid. Savi denies all other allegations of paragraph 38 except as may have been expressly admitted or otherwise explained.

39. Savi denies the allegations of paragraph 39.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## COUNTERCLAIMS

### JURISDICTION

40. This is an action for Patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. Therefore, this court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

### VENUE

41. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

### INTRADISTRICT ASSIGNMENT

42. This is a patent infringement action and, under Local Rule 3-2(c) and General Order 44 of this Court, venue is therefore proper in any courthouse in this district.

### GENERAL ALLEGATIONS

43. Savi is a leader in the market for real-time visibility, asset management, consignment and shipment management, inventory optimization, and global supply chain visibility and security. For over 17 years, Savi has developed applications and associated automatic identification and data collection systems including bar code and RFID technologies. These developments have produced a broad range of asset tracking products including passive and active RFID tags and associated infrastructure products.

44. In a typical asset tracking system, RFID tags are attached to assets, such as inventory, shipping packages, machines or other equipment. RFID tags are small electronic transponders that typically include at least one integrated circuit for storing and processing information and a radio frequency transmitter/receiver for communicating with the rest of the system. These tags communicate with system infrastructure components such as readers via radio frequency signals to report asset information, status and/or location to the asset tracking system. Additional infrastructure components called signposts use low-frequency RF signals to provide location information to tagged assets within a precisely defined area. Software applications process the tag information to provide asset tracking and management features. Savi has been awarded numerous fundamental patents for its RFID technologies, including the '114, '888, '484, and 392 Patents.

45.     Incorporated nearly a decade after Savi began developing RFID products, AeroScout provides RFID tags and associated infrastructure components for wireless asset tracking and monitoring.  The AeroScout Unified Asset Visibility solution includes RFID tags that communicate with Location Receivers for providing tracking and management information about the tagged assets.  Additionally, the AeroScout Unified Asset Visibility solution also includes Exciter components that use low-frequency RF signals to provide location information to tagged assets within a precisely defined area.  Using AeroScout software, tagged assets can be tracked and managed.

## CLAIMS FOR RELIEF

### First Claim: Infringement of U.S. Pat. No. 6,542,114

46.     This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.*  Savi incorporates by reference Paragraphs 40 through 45 above.

47.     On April 1, 2003, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,542,114 ("the '114 Patent") entitled "Method and Apparatus For Tracking Items Using Dual Frequency Tags" to Jim Eagleson, *et al*.  (Exhibit A attached to the Complaint).  Savi is the owner, by valid assignment, of all right, title and interest in the '114 Patent.  The '114 Patent is, and since its issuance has been, in full force and effect.

48.     AeroScout has been and currently is directly and indirectly infringing the '114 Patent by making, having made, importing, using, selling, or offering for sale, and/or inducing others to make, have made, import, use, sell, or offer for sale, components of the AeroScout Unified Asset Visibility solution including without limitation, AeroScout T2, T2-EB and T3 Tags; AeroScout Location Receivers; AeroScout Exciters; and related software and network infrastructure products, and/or AeroScout supplies or causes to be supplied from the United States a substantial component of an infringing device and such component not constituting a staple article or commodity of commerce capable of substantial non-infringing use, and/or actively inducing its combination.

49.     AeroScout's acts of infringement are willful as AeroScout acted intentionally despite actual knowledge of its infringement, or acted despite an objectively high likelihood that

1  its actions constituted infringement and that this risk was either known or so obvious that
2  AeroScout should have known it infringed.

3      50.    As a result of AeroScout's willful infringement of the '114 Patent, Savi has been
4  and will be damaged, and is entitled to be compensated for treble such damages.

5      51.    Unless enjoined by this Court, AeroScout will continue to infringe the '114 Patent
6  and Savi will continue to suffer irreparable harm for which there is no adequate remedy at law.
7  Accordingly, Savi is entitled to preliminary and permanent injunctive relief against such
8  infringement.

## Second Claim: Infringement of U.S. Pat. No. 6,765,484

10      52.    This claim is made under the provisions of the patent laws of the United States,
11  35 U.S.C. §§ 271 *et seq.* Savi incorporates by reference Paragraphs 40 through 45 above.

12      53.    On July 20, 2004, the United States Patent and Trademark Office duly and legally
13  issued U.S. Patent No. 6,765,484 ("the '484 Patent") entitled "Method and Apparatus For
14  Supplying Commands To A Tag" to Jim Eagleson, *et al*. (Exhibit C attached to the Complaint).
15  Savi is the owner, by valid assignment, of all right, title and interest in the '484 Patent. The
16  '484 Patent is, and since its issuance has been, in full force and effect.

17      54.    Upon information and belief, AeroScout has been and currently is directly and
18  indirectly infringing the '484 Patent by making, having made, importing, using, selling, or
19  offering for sale, and/or inducing others to make, have made, import, use, sell, or offer for sale,
20  components of the AeroScout Unified Asset Visibility solution including without limitation,
21  AeroScout T2, T2-EB and/or T3 Tags; AeroScout Location Receivers; AeroScout Exciters; and
22  related software and network infrastructure products; and/or AeroScout supplies or causes to be
23  supplied from the United States a substantial component of an infringing device and such
24  component not constituting a staple article or commodity of commerce capable of substantial
25  non-infringing use, and/or actively inducing its combination.

26      55.    AeroScout's acts of infringement are willful as AeroScout acted intentionally
27  despite actual knowledge of its infringement, or acted despite an objectively high likelihood that

1  its actions constituted infringement and that this risk was either known or so obvious that
2  AeroScout should have known it infringed.

3      56.    As a result of AeroScout's willful infringement of the '484 Patent, Savi has been
4  and will be damaged, and is entitled to be compensated for treble such damaged.

5      57.    Unless enjoined by this Court, AeroScout will continue to infringe the '484 Patent
6  and Savi will continue to suffer irreparable harm for which there is no adequate remedy at law.
7  Accordingly, Savi is entitled to preliminary and permanent injunctive relief against such
8  infringement.

## Third Claim: Infringement of U.S. Pat. No. 6,940,392

10      58.    This claim is made under the provisions of the patent laws of the United States,
11  35 U.S.C. §§ 271 *et seq.* Savi incorporates by reference Paragraphs 40 through 45 above.

12      59.    On September 6, 2005, the United States Patent and Trademark Office duly and
13  legally issued U.S. Patent No. 6,765,392 ("the '392 Patent") entitled "Method and Apparatus For
14  Varying Signals Transmitted By A Tag" to Joseph S. Chan, *et al*. (Exhibit D attached to the
15  Complaint). Savi is the owner, by valid assignment, of all right, title and interest in the
16  '392 Patent. The '392 Patent is, and since its issuance has been, in full force and effect.

17      60.    Upon information and belief, AeroScout has been and currently is directly and
18  indirectly infringing the '392 Patent by making, having made, importing, using, selling, or
19  offering for sale, and/or inducing others to make, have made, import, use, sell, or offer for sale,
20  components of the AeroScout Unified Asset Visibility solution including without limitation,
21  AeroScout T2, T2-EB and/or T3 Tags; AeroScout Location Receivers; AeroScout Exciters; and
22  related software and network infrastructure products; and/or AeroScout supplies or causes to be
23  supplied from the United States a substantial component of an infringing device and such
24  component not constituting a staple article or commodity of commerce capable of substantial
25  non-infringing use, and/or actively inducing its combination.

26      61.    AeroScout's acts of infringement are willful as AeroScout acted intentionally
27  despite actual knowledge of its infringement, or acted despite an objectively high likelihood that

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  its actions constituted infringement and that this risk was either known or so obvious that
2  AeroScout should have known it infringed.
3      62.     As a result of AeroScout's willful infringement of the '392 Patent, Savi has been
4  and will be damaged, and is entitled to be compensated for treble such damaged.
5      63.     Unless enjoined by this Court, AeroScout will continue to infringe the '392 Patent
6  and Savi will continue to suffer irreparable harm for which there is no adequate remedy at law.
7  Accordingly, Savi is entitled to preliminary and permanent injunctive relief against such
8  infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant-Counterclaimant Savi prays for the following relief against Plaintiff-Counterdefendant AeroScout:

A.  AeroScout be found to have willfully infringed the '114, '484 and '392 Patents.

B.  An order that AeroScout make a complete and accurate account for and pay to Savi all damages resulting from AeroScout's infringing acts.

C.  An order preliminarily and/or permanently enjoining AeroScout and its officers, agents, servants, and employees, and all persons in active concert or participation with them, from directly or otherwise infringing the '114, '484 and '392 Patents.

D.  An order that AeroScout, its officers, agents, servants and employees, deliver to this Court or to Savi, for destruction, all products infringing on, directly or otherwise, the '114, '484 and '392 Patents or the use of which would infringe, directly or otherwise, the '114, '484 and '392 Patents.

F.  Savi be awarded damages in an amount to be determined at trial.

G.  Savi be awarded treble damages for AeroScout's willful infringement.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  H.  An award of prejudgment interest, attorneys' fees, costs and such other and further relief as the Court may deem just and proper.

Dated: August 12, 2008         FENWICK & WEST LLP

By: /s/ Lynn H. Pasahow
        Lynn H. Pasahow

Attorneys for Defendant-Counterclaimant
SAVI TECHNOLOGY, INC.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Defendant-Counterclaimant Savi Technology, Inc. demands a jury trial as to all matters triable of right by a jury.

Dated: August 12, 2008                    FENWICK & WEST LLP


By: /s/ Lynn H. Pasahow
            Lynn H. Pasahow

Attorneys for Defendant-Counterclaimant
SAVI TECHNOLGY, INC.

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, David D. Schumann, attest that concurrence in the filing of this document has been obtained from any signatories indicated by a "conformed" signature (/s/) within this e-filed document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 12th day of August 2008, at San Francisco, California.

Dated: August 12, 2008             FENWICK & WEST LLP

                                   By:    /s/ David D. Schumann
                                          David D. Schumann

                                   Attorneys for Defendant-Counterclaimant
                                   SAVI TECHNOLGY, INC.